# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOPE VAN WIEREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-578-D |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Hope Van Wieren ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

## Administrative Proceedings

Plaintiff initiated these proceedings by filing her application seeking disability insurance benefits in January, 2006 [Tr. 107 - 109]. She alleged that she suffers from post traumatic stress disorder, depression, claustrophobia and paranoia with resulting crying spells, angry outbursts, and difficulty with concentration and focus, all of which became disabling as of January, 2005 [Tr. 129]. Plaintiff's claim was denied initially and upon reconsideration; an Administrative Law Judge ("ALJ") conducted a March, 2008 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 21 - 77]. In her March, 2009 decision, the ALJ found that Plaintiff

retained the capacity to perform work available in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 11 - 20]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 6], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under

this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

Plaintiff advances four claims of error on appeal, maintaining, first, that the ALJ's finding that Plaintiff's "condition does not meet Listing 12.04 is not supported by substantial evidence." [Doc. No. 14, p. 1]. Second, it is Plaintiff's contention that the ALJ failed to properly consider certain treating source opinions and, third, that the ALJ's credibility assessment lacks the support of substantial evidence. Finally, Plaintiff argues that the ALJ's residual functional capacity assessment is not supported by substantial evidence. Because remand is recommended as a result of the ALJ's failure to address the opinions of Janet Kristic, CNS,[1] Plaintiff's remaining claims of error are not addressed. *See Watkins v. Barnhart,* 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").[2]

**Analysis**

---

[1]This is an abbreviation for a Clinical Nurse Specialist. *See* http://www.medilexicon.com/medicalabbreviations.php

[2]It is worth noting that the ALJ's statements at the administrative hearing revealed her misapprehension of CNS Kristic's prescriptive authority as well as of her independent role in Plaintiff's treatment process [Tr. 26 - 30]. In this regard, *see* Tr. 227, 235, 241, 257, and 344.

3

As Plaintiff contends [Doc. No. 14, pp. 8 - 9], on February 13, 2006,[3] Janet Kristic, CNS, completed a Mental Status Form in which she concluded, in part, that Plaintiff "does not cope well when others have any expectations that she perform or comply with many rules. She becomes very paranoid." [Tr. 348]. Further, in that portion of the form calling for an evaluation of Plaintiff's work-related functional abilities, CNS Kristic stated that "[s]he can remember many things and respond to simple instruction [and that her h]istory demonstrates that she cannot deal with work pressure, supervision or co-workers." *Id.* Plaintiff argues – correctly – that "[t]his opinion was not even acknowledged by the ALJ[,]" [Doc. No. 14, p. 9] – and maintains that this omission constitutes legal error. *Id.* The Commissioner does not dispute the fact that the ALJ failed to address CNS Kristic's opinions but, instead, suggests reasons why her opinions should have been discounted, including the fact that she is not an "acceptable medical source." [Doc. No. 15, pp. 10 -11].

The Social Security Administration has acknowledged the fact that an increasing number of claimants are receiving treatment from medical sources who are not considered to be "acceptable medical sources"[4] under its rules:

---

[3]The record reflects that CNS Kristic had seen Plaintiff ten times for medication management prior to this date [Tr. 349, 350, 351, 352, and 353].

[4]As explained by the Social Security Administration,

The distinction between "acceptable medical sources" and other health care providers who are not "acceptable medical sources" is necessary for three reasons. First, we need evidence from "acceptable medical sources" to establish the existence of a medically determinable impairment. See 20 CFR 404.1513(a) and 416.913(a). Second, only "acceptable medical sources" can give us medical opinions. See 20 CFR 404.1527(a)(2) and 416.927(a)(2). Third, only "acceptable medical sources" can be considered treating sources, as defined in 20 CFR 404.1502 and 416.902, whose medical opinions may be

(continued...)

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file.

Social Security Ruling 06-03p ("SSR 06 -03p"), 2006 WL 2329939, at * 3.

Thus, despite the fact that CNS Kristic is not an "acceptable medical source," pursuant to Social Security regulation the ALJ was required to consider the evidence which she provided:

> As set forth in regulations at 20 CRF 404.1527(b) and 416.927(b), we consider all relevant evidence in the case record when we make a determination or decision about whether the individual is disabled. Evidence includes, but is not limited to, opinion evidence from "acceptable medical sources," medical sources who are not "acceptable medical sources," and "non-medical sources" who have seen the individual in their professional capacity. The weight to which such evidence may be entitled will vary according to the particular facts of the case, the source of the opinion, including that source's qualifications, the issue(s) that the opinion is about, and many other factors, as described below.

*Id.* at 4. These factors include the length and frequency of the claimant's relationship with the source, the evidentiary support for the opinion, the source's explanation of the opinion, and the source's specialty or expertise. *Id.*

Underscoring the requirement that non-acceptable medical source opinion evidence must be addressed, the Ruling details the explanation the ALJ must provide of her consideration of such evidence:

---

[4](...continued)
entitled to controlling weight. See 20 CFR 404.1527(d) and 416.927(d).

Social Security Ruling 06-03p, 2006 WL 2329939, at *2.

5

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what the adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id.* at *6 (emphasis added).

The ALJ's failure to address the opinion evidence of record from CNS Kristic was error, and reversal is required. *See Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007). And, as in *Frantz,* the Commissioner's proffer of reasons why CNS Kristic's opinions should have been discounted is a "post hoc effort to salvage the ALJ's decision [that] would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart,* 357 F.3d 1140, 1142(10th Cir. 2004).

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by February 14, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 24th day of January, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE